824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. LUSCOMBE, Sr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3108.
 United States Court of Appeals, Federal Circuit.
 April 13, 1987.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and SMITH, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), docket No. DA08318610209, affirming the denial of Luscombe's disability retirement annuity is affirmed.
 
 OPINION
 
 2
 Luscombe was employed as an Agricultural Engineer with the Department of Agriculture from August 1951 until August 1961. In August 1961, the former Civil Service Commission (CSC) granted Luscombe disability retirement after he was diagnosed as being afflicted by a psychiatric condition of reactive depression. A subsequent examination of Luscombe in November 1964, revealed that his condition was in complete remission. Consequently, the CSC determined that Luscombe had recovered from his ailment and terminated his disability retirement annuity on November 12, 1965, pursuant to the requirement that disability be continuous.
 
 
 3
 Luscombe requested reinstatement of his disability retirement annuity in October 1985, arguing that he is currently disabled by Multiple Sclerosis (MS) and that this was the disease that in reality caused his disability in 1961. Luscombe argues that his MS escaped detection because the equipment available in 1961 was not sufficiently sensitive or sophisticated. The board rejected this argument, concluding that OPM cannot reinstate Luscombe's annuity because his current disease is unrelated to the 1961 illness. The board considered evidence submitted by Luscombe suggesting that the original disease was actually MS undetected and concluded that his 1961 psychiatric condition was distinct from MS.
 
 
 4
 On appeal, Luscombe alleges no error in law on the part of the board and asks this court to make a finding that he did have MS in 1961. It is well settled that this court is not empowered to review the factual underpinnings of the board's disability retirement decisions. Lindahl v. OPM, 470 U.S. 768, 791 (1985). The request Luscombe presents would require a complete reconsideration of the board's findings of fact and therefore his request cannot be granted.